■ RISA MEYER, Appellant, v AMBASSADOR TRUCKING CORP. et al., Respondents.—In a negligence action to recover damages for personal injuries, plaintiff appeals from (1) a judgment of the Supreme Court, Queens County, entered February 8, 1979 in favor of defendants, upon a jury verdict, and (2) an order of the same court, dated January 15, 1979, which denied the plaintiff's motion to set aside the jury's verdict. Appeal from order dated January 15, 1979, dismissed (see *Matter of Aho,* 39 NY2d 241,

248). Judgment reversed, on the law, and new trial granted, with one bill of costs to abide the event. This action stems from an automobile accident that occurred on December 21, 1975 when the automobile in which plaintiff and defendant Curcio were traveling skidded across the highway, broke through a guardrail and landed in a gully on the westbound side of the highway. The trial court instructed the jury, *inter alia,* that: "the plaintiff must satisfy you by a fair preponderance of the credible evidence * * * that the plaintiff herself was free of contributory negligence", and further that, "The law does not permit you to weight *[sic]* the degree of fault of the plaintiff and defendants, but requires that if you find the plaintiff was guilty of any negligence, your verdict shall be for the defendants". These instructions were promptly objected to by plaintiff who requested that the jury be charged on the basis of the comparative negligence statute (see CPLR art 14-A). The trial court denied this request stating that: "You can't have me treat this case as a comparative negligence case for two reasons: One: You have taken the position [all] along that as a matter of fact and as a matter of law, the plaintiff is free of any contributory negligence; therefore by that position, alone, you rule out comparative negligence. Secondly, the case was not tried on any such theory, and neither did you make a request that the Court charge it, and in the absence of a request to charge it and in the absence of adducing any facts which might indicate comparative negligence, to the judge, so that this judge could see comparative negligence, I do not believe that an exception to the charge lies on that ground." In our opinion the trial court erred in charging the jury to employ the contributory negligence doctrine. Plaintiff's exception to the charge was timely asserted and is reviewable by this court (see CPLR 4110-b). It is beyond cavil that "All courts are required * * * to take judicial notice of the Constitution, the public statutes and the common law of the forum" (Richardson, Evidence [Prince, 10th ed], § 17, p 11; see CPLR 4511, subd [a]). Hence, it was error for the trial court to refuse to charge on the applicable law. Gulotta, J. P., Cohalan, Martuscello and Gibbons, JJ., concur.